UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRISTOPHER WAYNE NAZARIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-2448-TC-TJJ |
| | ) | |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER AND SECOND AMENDED SCHEDULING ORDER**

This matter comes before the Court on Plaintiff's Motion to Amend the Scheduling Order, Set New Deadlines for the Disclosure of Damages Experts, and to Continue the Final Pretrial Conference (ECF No. 41). Plaintiff requests the Court extend the unexpired Amended Scheduling Order deadlines by approximately 45-days. Plaintiff also requests the Court set a new deadline for the parties to disclose any experts limited to providing affirmative or rebuttal testimony on Plaintiff's damages calculations. Defendant has no objection to extending the unexpired deadlines, but objects to a new expert disclosure deadline being set. For the reasons set forth below, the Court grants Plaintiff's motion in part and denies Plaintiff's motion in part, extending the unexpired deadlines, but not setting a new expert disclosure deadline.

## I.    Background

This matter was filed on September 30, 2024. Plaintiff filed an Amended Complaint on November 27, 2024, and Defendant filed its Answer on December 11, 2024. On January 9, 2025, the Court entered a Scheduling Order (ECF No. 24) setting forth the parties' deadlines. In the original Scheduling Order, the Court set a deadline of April 4, 2025 for the disclosure of affirmative experts, and a rebuttal expert disclosure deadline of May 6, 2025.

On June 16, 2025—six weeks after the expert disclosure deadline passed—the parties moved to extend the discovery deadline, dispositive motion deadline, and to continue the Pretrial Conference.[1]  Nowhere in the motion did the parties seek an extension of the expert disclosure deadline.  On June 23, 2025, the Court granted the parties' motion, and extended the mediation deadline, discovery deadline, and continued the Pretrial Conference.[2]   Because it was not requested by the parties, and the deadline had long since passed on April 4, 2025, the Court did not extend the expert disclosure deadline.  Therefore, the operative expert disclosure deadline remains April 4, 2025.

On September 15, 2025, Plaintiff filed a second Motion to Amend Scheduling Order, Set New Deadlines for the Disclosure of Damages Experts, and to Continue the Pretrial Conference (ECF No. 41).  In his motion, Plaintiff requests the Court extend all of the unexpired deadlines by forty-five days.  Plaintiff also requests the Court set new deadlines for "the parties to disclose any experts limited to providing affirmative or rebuttal testimony on Plaintiff's damages calculations."[3]  Plaintiff claims that during Plaintiff's August 1, 2025 deposition "it became clear that Defendant was going to contest Plaintiff's calculations of damages related to his KPERS pension. This was later expressly acknowledged by Defendant's counsel in the parties' communications regarding mediation scheduling on August 19, 2025."[4]  Plaintiff, over five months after the expiration of expert disclosure deadline, has now retained Dr. William H. Rogers, Ph.D. to provide a report and expert testimony regarding Plaintiff's damages.

Defendant has no objection to extending the unexpired deadlines but does object to

---

[1] *See* Joint Motion for Extension of Discovery Deadline, Dispositive Motion Deadlines, and to Continue the Final Pretrial Conference, ECF No. 33.
[2] Amended Scheduling Order, ECF No. 35.
[3] Pl.'s Mot. to Amend Scheduling Order, Set New Deadlines for the Disclosure of Damage Experts, and to Continue the Final Pretrial Conference, ECF No. 33.
[4] *Id.* at. p. 5.

extending the expert disclosure deadline.  Defendant argues that setting a new expert disclosure deadline this late in the proceedings would be prejudicial to Defendant, and Plaintiff has not shown good cause for extending the deadline.

## II.    Legal Standards

A scheduling order "may be modified only for good cause and with the judge's consent."[5] The Court is afforded broad discretion in determining whether to modify a scheduling order.[6]  To show good cause for the requested modification, the moving party must provide an adequate explanation for the delay and show that the scheduling order deadlines, despite the movant's diligent efforts, cannot be met.[7]  "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[8]  However, carelessness and "failure to proceed with the normal process of discovery does not typically equate to good cause under Rule 16."[9]  The Court should also consider the possible prejudice to the opposing party.[10]  Additionally, for deadlines that have passed before Plaintiff filed his motion, such as the expert disclosure deadline, "Plaintiff must show both good cause and excusable neglect."[11]

## III.    Analysis

Plaintiff argues there is good cause to extend the deadlines due to Defendant's production of several "critical" documents after the amendment of the scheduling order in June 2025.  Plaintiff

---

[5] Fed. R. Civ. P. 16(b)(4).

[6] *Thornhill v. Ethicon, Inc.*, No. 24-2077-DDC-ADM, 2024 WL 4664278, at *1 (D. Kan. Nov. 4, 2024).

[7] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)).

[8] *Id.* (quoting 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019)).

[9] *McPhaul v. Coll. Hills Opco, LLC*, No. 24-1143-JWB-BGS, 2025 WL 2229971, at *3 (D. Kan. Aug. 5, 2025).

[10] *Id.*

[11] *CGB Diversified Servs., Inc. v. Forsythe*, No. 20-CV-2120-TC-TJJ, 2021 WL 672168, at *1 (D. Kan. Feb. 22, 2021) (citing Fed. R. Civ. P. 6(b)(1)(B)).

states Defendant produced documents and security videos on July 11, July 22, and July 28, 2025, which had been withheld for months and which "provide context and corroboration to core liability issues, concede key allegations, and which required new strategy decisions by Plaintiff's counsel and that changed the valuation of the case."[12]  Further, Plaintiff points out the parties have an ongoing dispute regarding Plaintiff's Notice of Deposition to Defendant pursuant to Rule 30(b)(6), and Defendant's deposition has yet to be taken.  The parties continue to work to resolve the dispute in good faith.  The Court finds the combination of these reasons demonstrate good cause to modify the Amended Scheduling Order to provide for extensions of the discovery and all other *unexpired* deadlines.  However, as discussed below, Plaintiff fails to show good cause for an extension to the expert disclosure deadline.

The only explanation Plaintiff provides for seeking to extend the expert disclosure deadline five months after it expired is because during Plaintiff's August 1, 2025 deposition "it became clear that Defendant was going to contest Plaintiff's calculations of damages related to his KPERS pension.  This was later expressly acknowledged by Defendant's counsel in the parties' communications regarding mediation scheduling on August 19, 2025."[13]  However, Defendant claims throughout this litigation it has maintained that it intends to contest Plaintiff's damages calculation.[14]  Further, Defendant argues, it is not credible for Plaintiff to have assumed Defendant would simply accept Plaintiff's damages calculations.  Defendant also contends it would be prejudiced by the late expert disclosure.

While Plaintiff provides the reasons listed above for why he seeks the extension, he

---

[12] Pl.'s Reply to Def.'s Suggestions in Opposition to Mot. to Amend Scheduling Order to Set New Deadline for the Disclosure of Damages Experts, ECF No. 43, p. 3.
[13] Pl.'s Mot. to Amend Scheduling Order to Set New Deadline for the Disclosure of Damages Experts, ECF No. 41, p. 5.
[14] *See* Def.'s Brief in Partial Opposition to Plaintiff's Mot. to Amend Scheduling Order to Set New Deadline for the Disclosure of Damages Experts, ECF No. 42, p. 2–3.

provides no explanation for his delay in seeking relief.  The good cause standard requires the moving party provide an adequate explanation for any delay.[15]  Even if Plaintiff only became aware of Defendant's intent to contest his damages calculation during Plaintiff's deposition on August 1, 2025, Plaintiff waited another six weeks to file his motion to extend his deadline to disclose an expert witness.  Plaintiff's request to extend the expert deadlines is woefully belated.

Plaintiff's argument he learned evidence, or a position of Defendant, which would require the untimely disclosure of an expert is similarly unconvincing.  Plaintiff's deposition occurred on August 1, 2025, nearly four months after his original expert disclosure deadline had passed.  Even accepting Plaintiff's position that he was unaware Defendant would contest his damages calculation as true, that still would not establish good cause: the original expert disclosure deadline had passed four months prior, and Plaintiff then waited another six weeks to seek an extension of the deadline.  Further, throughout discovery, Plaintiff has served supplements to his initial disclosures changing Plaintiff's damages valuation.  Plaintiff should have reasonably anticipated Defendant would question Plaintiff's changing calculations.  Given these changes in Plaintiff's damages valuation, Plaintiff provides no explanation as to why he waited so long to schedule Plaintiff's deposition, failed to request an extension to the expert disclosure deadline when the parties originally moved to amend the scheduling order, or waited so long after Plaintiff's deposition to request the extension.  Plaintiff's failure to provide an explanation as to why he did not act sooner in regards to his disclosure of an expert undermines claims of good cause, and shows a lack of diligence.

The Court finds Plaintiff has not shown good cause to extend the expert disclosure deadline.  Since Plaintiff has not met the good cause standard, the Court need not make a finding

---

[15] *Tesone*, 942 F.3d at 988 (quoting *Gorsuch, Ltd., B.C.*, 771 F.3d at 1241).

as to excusable neglect.[16]

Though not raised in the parties' briefing, the Court is cognizant of precedent in this District finding that despite a party's failure to show good cause for the extension of the expert deadline that disallowing the disclosure of an expert report would be too harsh a sanction.[17]  This line of precedent is factually distinguishable from this matter.  In those cases, a party sought the extension much sooner after the expert deadline expired,[18] and sought to disclose an expert on issues on which the party "*must* present expert testimony."[19]  In this matter, Plaintiff waited nearly five months to request an extension of the expert disclosure deadline, and seeks to disclose an expert on the issue of damages, to which expert testimony may be helpful, but is not an issue upon which expert testimony is required.

Nonetheless, when determining whether to allow the extension of the expert disclosure deadline, despite no showing of good cause, this precedent considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[20]  However, nothing "requires the court to apply the four factor test to [a party's] request to amend the Scheduling Order to add an expert, absent a finding of good cause."[21]  The Court therefore finds no reason to apply the four factor test.

---

[16] *White Way, Inc. v. Firemen's Ins. Co. of Washington, D.C.*, No. 22-2195-KHV-RES, 2022 WL 17177371, n.2 (D. Kan. Nov. 23, 2022) ("The Tenth Circuit has recognized that although good cause and excusable neglect are related, 'good cause' requires a greater showing than 'excusable neglect.'").

[17] *See e.g., LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 188 (D. Kan. 2021); *White Way, Inc.*, 2022 WL 17177371, at *5; *McPhaul*, 2025 WL 2229971, at *7.

[18] *White Way, Inc.*, 2022 WL 17177371, at *5 (D. Kan. Nov. 23, 2022) (one month between expert disclosure deadline expiring and plaintiff seeking extension of deadline); *McPhaul*, 2025 WL 2229971, at *7 (two months between expert disclosure deadline expiring and plaintiff seeking extension of deadline).

[19] *LoganTree LP*, 339 F.R.D. at 188 (emphasis added).

[20] *McPhaul*, 2025 WL 2229971, at *7.
(quoting *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 837 F.3d 1191, 1203 (10th Cir. 2017)).

[21] *Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 836292, at *4 (D. Kan. Feb. 13, 2018).

But, even if that test applies, the Court would conclude that the four factors favor denying Plaintiff leave to add an expert out of time. An extension to allow Plaintiff to disclose an expert at this point in the proceedings would disrupt the orderly administration of the case. The Court has already granted the parties a lengthy extension of the discovery deadline, and allowing the disclosure of an expert would require the Court to again extend the discovery deadline far beyond what Plaintiff has proposed. Such extension would undoubtedly further delay the filing and resolution of dispositive motions and push the trial date out even further, and very well could be prejudicial to Defendant. Although no evidence of bad faith exists, Plaintiff has still failed to provide a good reason for its delay of nearly five months and the delay appears to be based on a lack of diligence. These factors favor denying Plaintiff's request to extend the expert disclosure deadline to disclose a damages expert.[22]

Therefore, the Court grants Plaintiff's motion to the extent it seeks to extend the *unexpired* deadlines but denies it to the extent it seeks to extend the long-expired expert disclosure deadlines. The Court enters this Second Amended Scheduling Order, summarizing the new case deadlines and settings in the following table:

---

[22] *See id.* at *5.

| 24-cv-2448-TC-TJJ<br>AMENDED SCHEDULING ORDER<br>SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| All discovery completed | **December 1, 2025** |
| Proposed pretrial order due | **December 8, 2025** |
| Pretrial conference in KCK Courtroom 236 | **December 15, 2025, at 11:00 AM** |
| Potentially dispositive motions (e.g., summary judgment) | **January 12, 2026** |
| Motions challenging admissibility of expert testimony | **January 12, 2026** |
| Trial in KCK, ETT 5 days | **October 6, 2026, at 9:00 AM** |

To the extent this Second Amended Scheduling Order is inconsistent with the prior scheduling orders (ECF No. 24 and 35), this Second Amended Scheduling Order supersedes the earlier ones. To the extent that this Second Amended Scheduling Order does not address dates, deadlines, or requirements included in the earlier scheduling orders, those earlier dates, deadlines, and requirements remain in effect. The parties are advised to review, in particular, the various requirements governing discovery, motions, submission of the pretrial order, and the pretrial conference in the Scheduling Order. Those requirements—other than the dates that are changed, as identified herein—remain in place.

On a final note, the Court cautions the parties that they should not anticipate any further extensions of the above deadlines, and the Court expects the parties to resolve their dispute over Defendant's Rule 30(b)(6) deposition or to bring the issue to the Court in sufficient time for Defendant's Rule 30(b)(6) deposition and all other discovery be completed before the discovery deadline.

**IT IS SO ORDERED.**

Dated October 23, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge